T.C. Memo. 1998-289


UNITED STATES TAX COURT


ADDISON DISTRIBUTION, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

WIN H. EMERT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 4838-96, 9817-96.        Filed August 6, 1998.


<u>David M. Kirsch</u>, for petitioners.

<u>Steven Walker</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  In these consolidated cases, respondent determined deficiencies in, and penalties on, petitioners' Federal income taxes as follows:

|  | Tax Year | | Penalty |
| Docket No. | Ended | Deficiency | Sec. 6662 |
| --- | --- | --- | --- |
| 4838-96 | 02/28/93 | $83,109 | $16,622 |
|  | 02/28/94 | 130,083 | 26,017 |

| 9817-96 | 12/31/92 | 233,413 | 46,683 |
|---------|----------|---------|--------|
|         | 12/31/93 | 111,093 | 22,219 |

All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[1] the issues for decision are (1) whether respondent determined that the method of accounting used by Addison Engineering, Inc. (AEI), did not clearly reflect income, and (2) whether AEI must change from the cash method to the accrual method of accounting for its tax years ending on October 31, 1992 and 1993.[2]

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of facts, the stipulation of settled issues, and the attached exhibits are incorporated herein by this reference. At the time petitioners filed their petitions, AEI and Addison Distribution, Inc. (Distribution), each had their principal places of business in San Jose, California, and Win H. Emert (Mr. Emert) resided in San Carlos, California.

---

[1] Respondent concedes that petitioners are not liable for the accuracy-related penalties.

[2] The parties filed a stipulation of settled issues which resolved all other issues. Our decision regarding these issues affects the flowthrough tax consequences to petitioner Win H. Emert, AEI's sole shareholder.

In 1983, Mr. Emert founded and incorporated AEI, and it commenced business. AEI is an S corporation, and Mr. Emert has always been its sole shareholder and corporate officer. AEI sells silicon wafers[3] and printed circuit boards (the electronic materials) to high-technology companies.

In 1986, Mr. Emert incorporated Distribution. Distribution maintains an inventory of goods.[4] Distribution and AEI have never had any written contract describing the business transactions between them.

During the years in issue, a typical transaction among AEI, vendors, subcontractors, and customers occurred as follows: Customers contacted AEI for the sale of electronic materials from AEI to the customer.[5] The customer executed a purchase order for the purchase of electronic materials, and the customer forwarded the purchase order to AEI. The purchase order identified AEI as the seller and the customer as the buyer.

---

[3] Silicon wafers are thin slices of silicon that are used for making semiconductor devices.

[4] In a small number of transactions, Distribution had goods which subcontractors could manufacture into electronic materials for AEI's customers. In these cases, upon AEI's acceptance of a customer's purchase order, AEI purchased the goods for the customer's order from Distribution, AEI shipped the goods to a subcontractor, and the subcontractors used these goods to manufacture electronic materials for AEI's customers.

[5] AEI also solicited orders from customers.

Upon acceptance of the customer's purchase order, AEI placed a firm order with a vendor or subcontractor for the production of the electronic materials for the customer.  Vendors and subcontractors sent AEI invoices for the electronic materials, and AEI paid the invoices.  When the electronic materials were ready, vendors and subcontractors shipped them to AEI.  AEI received silicon wafers and printed circuit boards as finished products.

AEI inspected the electronic materials that vendors and subcontractors shipped to AEI.  After inspection, AEI placed its own labels on the goods identifying AEI as the "vendor".  AEI then repackaged and shipped the electronic materials to the customer.  AEI sent an invoice to the customer, and the customer paid AEI's invoice for the electronic materials.

AEI has always used the cash method of accounting.  AEI treated the transaction between itself and vendors, subcontractors, or Distribution as a sale of goods and/or services by the vendors, subcontractors, or Distribution to AEI. AEI treated the transaction between itself and the customer as a sale of goods by AEI to the customer.

During the years in issue, AEI included all payments it actually received from customers in those years in its gross receipts.  AEI also included all purchases from vendors, subcontractors, and Distribution it actually paid in those years

in cost of goods sold (COGS), and AEI subtracted COGS from its gross receipts to determine its gross income.

OPINION

Petitioners first argue that respondent did not make a determination that the cash method did not clearly reflect AEI's income.  Petitioners contend that section 446 requires the Commissioner to make an express finding that the method of accounting used by the taxpayer does not clearly reflect income. Respondent counters that a determination was made that the cash method did not clearly reflect AEI's income. Pursuant to section 446,[6] the Commissioner has broad powers to determine whether an

_____

[6]  Sec. 446 provides in pertinent part:

(a) GENERAL RULE.--Taxable income shall be computed under the method of accounting on the basis of which the taxpayer regularly computes his income in keeping his books.

(b) EXCEPTIONS.--If no method of accounting has been regularly used by the taxpayer, or if the method used does not clearly reflect income, the computation of taxable income shall be made under such method as, in the opinion of the Secretary, does clearly reflect income.

(c) PERMISSIBLE METHODS.--Subject to the provisions of subsections (a) and (b), a taxpayer may compute taxable income under any of the following methods of accounting--

(1) the cash receipts and disbursements method;

(2) an accrual method;

(3) any other method permitted by this chapter; or

(4) any combination of the foregoing methods permitted under regulations prescribed by the
(continued...)

accounting method used by a taxpayer clearly reflects income. Commissioner v. Hansen, 360 U.S. 446, 467 (1959); Ansley-Sheppard-Burgess Co. v. Commissioner, 104 T.C. 367, 370 (1995). The Commissioner, however, cannot require a taxpayer to change his method of accounting unless the Commissioner makes a determination that the accounting method used by the taxpayer does not clearly reflect income.  See sec. 446(b); Asphalt Prods. Co. v. Commissioner, 796 F.2d 843, 848 (6th Cir. 1986), affg. in part, revg. in part and remanding Akers v. Commissioner, T.C. Memo. 1984-208, revd. on another issue 482 U.S. 117 (1987); Hallmark Cards, Inc. & Subs. v. Commissioner, 90 T.C. 26, 31 (1988).

Section 1.446-1(c)(2)(i), Income Tax Regs., provides that a taxpayer who is required to use inventories must also use the accrual method of accounting with regard to purchases and sales. A taxpayer who is required to use inventories, and thereby the accrual method, violates the clear reflection of income requirement by reporting purchases and sales under the cash method.  See Asphalt Prods. Co. v. Commissioner, supra at 848.

AEI uses the cash method of accounting.  Respondent, in the notice of deficiency, determined that AEI is required to use inventories.  Respondent's determination means that AEI's use of

---

[6](...continued)
    Secretary.

the cash method of accounting violates section 1.446-1(c)(2)(i), Income Tax Regs. We conclude that respondent's determination that AEI is required to use inventories is a determination that AEI's use of the cash method of accounting does not clearly reflect income.

Petitioners next assert that AEI is not required to account for inventories because it does not take title to the electronic materials. Respondent claims that AEI has title to the electronic materials, they are merchandise which AEI held for sale, and they are an income-producing factor. Therefore, respondent claims that the regulations under sections 446 and 471 require AEI to use inventories and the accrual method of accounting.

The issue for decision is whether it is an abuse of respondent's discretion to require AEI to change from the cash method, which AEI uses for income tax reporting purposes, to the accrual method. Subsumed in this issue is the question of whether AEI should be required to account for inventories for tax purposes. To resolve these issues, we consider sections 446 and 471 and the regulations thereunder.

Courts do not interfere with the Commissioner's determination under section 446 unless it is clearly unlawful. Thor Power Tool Co. v. Commissioner, 439 U.S. 522, 532 (1979); Cole v. Commissioner, 586 F.2d 747, 749 (9th Cir. 1978), affg. 64

T.C. 1091 (1975); Ansley-Sheppard-Burgess Co. v. Commissioner, supra.  The Commissioner, however, cannot require a taxpayer to change from an accounting method which clearly reflects its income to an alternate method of accounting merely because the Commissioner considers the alternate method to more clearly reflect the taxpayer's income.  Ansley-Sheppard-Burgess Co. v. Commissioner, supra at 371.

Whether an abuse of discretion has occurred is a question of fact.  Id.; Ford Motor Co. v. Commissioner, 102 T.C. 87, 91-92 (1994), affd. 71 F.3d 209 (6th Cir. 1995); see Cole v. Commissioner, supra at 749.  The reviewing court's task is not to determine whether, in its own opinion, the taxpayer's method of accounting clearly reflects income, but to determine whether there is an adequate basis in law for the Commissioner's conclusion that it does not.  Ansley-Sheppard-Burgess Co. v. Commissioner, supra at 371; Hospital Corp. of Am. v. Commissioner, T.C. Memo. 1996-105.  Consequently, to prevail, a taxpayer must prove that the Commissioner's determination is arbitrary, capricious, or without sound basis in fact or law. Ansley-Sheppard-Burgess Co. v. Commissioner, supra at 371; Ford Motor Co. v. Commissioner, supra at 92.

Pursuant to sections 446 and 471, and the regulations thereunder, a taxpayer that has inventories is required to use

the accrual method of accounting.[7]  By regulation, the Secretary has determined that inventories are necessary if the production, purchase, or sale of merchandise is an income-producing factor. Sec. 1.471-1, Income Tax Regs.  The parties stipulated that AEI's sale of electronic materials was the sale of merchandise, that AEI determined its gross income from sales by subtracting COGS from total sales, and that, during the years in issue, AEI's sale of merchandise to customers was an income-producing factor.

Possession of title to goods, even if only for an instant, is sufficient to require a taxpayer to inventory the goods as the taxpayer's stock-in-trade under the Commissioner's regulations. See, e.g., Middlebrooks v. Commissioner, T.C. Memo. 1975-275; see also sec. 1.471-1, Income Tax Regs.  Petitioners argue that AEI is not required to account for inventories because it does not take title to the merchandise.  Specifically, petitioners assert that under California law title to the electronic materials passed directly from the vendors and subcontractors to AEI's customers.  Petitioners, in essence, claim that AEI was a broker or agent for its customers and that AEI merely coordinated the purchase, sale, and delivery of the electronic materials to its

---

[7]  An exception to this rule exists, however, where the taxpayer can show that use of another method (e.g., the cash method) would produce a substantial identity of results.  See Ansley-Sheppard-Burgess Co. v. Commissioner, 104 T.C. 367, 377 (1995).  Petitioners do not address this point in their opening or reply briefs; therefore it is not before the Court.  See Petzoldt v. Commissioner, 92 T.C. 661, 683 (1989).

customers for a fee.

Petitioners' argument is without merit.  AEI, in any given transaction, acted as both the buyer pursuant to its contract with the vendor or subcontractor and the seller pursuant to its contract with its customers.  California Commercial Code section 2106 provides that a "sale" consists in the passing of title from the seller to the buyer for a price.  Thus, it would be impossible under California law for AEI to have purchased and resold the electronic materials without title having passed from the vendors or subcontractors to AEI and then from AEI to its customers.  See also Tebarco Mechanical Corp. v. Commissioner, T.C. Memo. 1997-311.  Additionally, the parties stipulated a typical purchase order between AEI and its customers that provided:

> title to * * * all items shipped by Seller [AEI] to Buyer [AEI's customers] shall pass to Buyer at the F.O.B. point designated on the face of this Order but only after inspection and acceptance of the goods by Buyer in accordance with the terms of this Order. * * *

Furthermore, the purchase order warranted that AEI conveyed good title to the electronic materials to the customer.  These provisions provide clear evidence of AEI's intentions and govern the passage of title.  See Epic Metals Corp. & Subs. v. Commissioner, T.C. Memo. 1984-322, affd. without published opinion 770 F.2d 1069 (3d Cir. 1985).

Petitioners also rely on Simon v. Commissioner, 176 F.2d 230

(2d Cir. 1949), affg. a Memorandum Opinion of this Court, as support for their contention that AEI, as a broker or agent, is not required to maintain inventories.  As we stated in Epic Metals Corp. & Subs. v. Commissioner, supra, the U.S. Court of Appeals for the Second Circuit decided Simon on the ground that the taxpayer was properly characterized as a broker or commission merchant because his margin for profits and operating expenses was the 5-percent "commission" or "trade discount" allowed him by the manufacturers.  In the present case, as in Epic Metals, AEI does not derive its profit from commissions or trade discounts.  Rather, AEI's profit is determined by the difference between the price it pays vendors or subcontractors for the electronic materials and the price at which it sells the electronic materials to its customers.  Thus, the facts of this case are fundamentally different from those of Simon.  See Epic Metals Corp. & Subs. v. Commissioner, supra.

Based on our review of the entire record, we hold that AEI had title to the electronic materials and is required to maintain inventories.  Indeed, AEI determined gross income by subtracting COGS from total sales.  We conclude that AEI is required to use the accrual method of accounting, and respondent did not commit an abuse of discretion under section 446.  See sec. 1.446-1(c)(2)(i), Income Tax Regs.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be irrelevant or without merit.

To reflect the foregoing,

<u>Decisions will be entered under Rule 155</u>.