T.C. Memo. 1999-175


UNITED STATES TAX COURT


WIN H. EMERT, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]


Docket No. 9817-96.                    Filed May 24, 1999.


David M. Kirsch, for petitioner.

Steven Walker, for respondent.


SUPPLEMENTAL MEMORANDUM OPINION

VASQUEZ, Judge:  The controversy before us arises out of

_____

     [*]  On August 6, 1998, the Court issued its opinion on the merits (T.C. Memo. 1998-289), which we incorporate herein.  We sustained respondent's determination that (1) the method of accounting used by petitioner's wholly owned S corporation (AEI) did not clearly reflect income, and (2) AEI must change its method of accounting from the cash method to the accrual method for its tax years ending on October 31, 1992 and 1993.  The Court directed that "Decisions will be entered under Rule 155."  Our prior opinion regarded two consolidated cases.  Only the computation for docket No. 9817-96 is at issue herein.

differing computations filed pursuant to Rule 155.[1]  Respondent's computation contained a section 481 adjustment for AEI's 1992 taxable year.  Petitioner's computation did not.  Petitioner objects to this adjustment.[2]

Rule 155 is the mechanism whereby the Court is enabled to enter a decision for the dollar amounts owed resulting from the disposition of issues involved in a case where those amounts cannot readily be determined.  See Cloes v. Commissioner, 79 T.C. 933, 935 (1982).  Rule 155(c) provides:

> (c) Limit on Argument:  Any argument under this Rule will be confined strictly to consideration of the correct computation of the deficiency, liability, or overpayment resulting from the findings and conclusions made by the Court, and no argument will be heard upon or consideration given to the issues or matters disposed of by the Court's findings and conclusions or to any new issues.  This Rule is not to be regarded as affording an opportunity for retrial or reconsideration.

We have stated time and again that a Rule 155 proceeding may not be used to raise a new issue.  See Home Group, Inc. v. Commissioner, 91 T.C. 265, 268-269 (1988), affd. 875 F.2d 377 (2d Cir. 1989); Cloes v. Commissioner, supra.  Purely mathematically generated computational items, however, are proper for

---

[1]  All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years in issue.

[2]  Petitioner has no objection to respondent's computation for AEI's 1993 taxable year.

consideration in Rule 155 proceedings. See Home Group, Inc. v. Commissioner, supra at 269, 271.

Petitioner contends that a section 481 adjustment is improper in this case. Petitioner argues that the first mention of section 481 in this case was in respondent's brief; therefore, section 481 is a new issue, and it is inappropriate for consideration in a Rule 155 computation.

Respondent counters that the section 481 adjustment is not a new issue; it is a mathematical or mechanical adjustment that is patent from the statute. Respondent argues that once respondent raised the issue of change in the method of accounting it automatically triggered a section 481 adjustment.

Section 481 provides that in order to prevent income from escaping taxation due to a change in the method of accounting, the Commissioner may make an adjustment by including the omitted income in the year of change. See Graff Chevrolet Co. v. Campbell, 343 F.2d 568, 570 (5th Cir. 1965). Section 481 applies only if there is a change in the "method of accounting". See id. Section 481 includes a change in the accounting treatment of a material item as well as a change from one overall system of accounting to another as from the cash method to the accrual method. See id.; Primo Pants Co. v. Commissioner, 78 T.C. 705, 721 (1982). Section 481 is applicable herein because respondent has determined, and we have sustained, a change in method of

accounting. See <u>Hitachi Sales Corp. of Am. v. Commissioner</u>, T.C. Memo. 1994-159, supplemented by T.C. Memo. 1995-84.

"If there has been a change in method of accounting, then section 481 comes into operation and adjustments necessary to prevent an omission of taxable income <u>must</u> be made." <u>Primo Pants Co. v. Commissioner</u>, <u>supra</u> at 720 (emphasis added). Once the Commissioner changes the taxpayer's method of accounting in regard to inventories, "that change of accounting method triggers the adjustments of section 481. If any amounts are omitted from taxable income because of a change in method of accounting, then section 481 <u>mandates</u> adjustments to prevent these omissions." <u>Id.</u> at 726 (emphasis added).

Where the statutory notice and pleadings are sufficient to raise the issue of change in accounting method, the application of section 481 is patent. See sec. 481(a); <u>Primo Pants Co. v. Commissioner</u>, <u>supra</u>; <u>Hitachi Sales Corp. of Am. v. Commissioner</u>, <u>supra</u>. Here, the statutory notice raised the issue of change in accounting method;[3] therefore, section 481 was triggered.[4] See

_____

[3] The statutory notice contained the following language: "Your gross income has been increased because of a change in accounting method from the cash basis to accrual method."

[4] Our recent Court-reviewed opinion in <u>Shea v. Commissioner</u>, 112 T.C. ___ (1999), is distinguishable from the case at bar. In <u>Shea</u>, we rejected the Commissioner's argument that the Commissioner's basis was implicit in the notice of deficiency and held that the notice of deficiency failed to

(continued...)

<u>Primo Pants Co. v. Commissioner</u>, <u>supra</u>; <u>Hitachi Sales Corp. of Am. v. Commissioner</u>, <u>supra</u>.

Accordingly, we hold that a section 481 adjustment is a proper matter for Rule 155 consideration.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.

---

[4](...continued)
describe the basis on which the Commissioner relied to support the Commissioner's deficiency determination.  See also sec. 7522. In the case at bar, however, sec. 481 is more than implicit in the notice; it is patent.