Win H. EMERT, Petitioner–Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 99–71518.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 2001

Filed May 21, 2001

David M. Kirsch, San Jose, California, for the petitioner-appellant.

Teresa E. McLaughlin and Laurie Snyder, United States Department of Justice, Washington, D.C., for the respondent-appellee.

Before: BEEZER, O'SCANNLAIN and W. FLETCHER, Circuit Judges.

BEEZER, Circuit Judge:

Appellant Win H. Emert ("Emert") challenges the tax court's computations under Tax Court Rule 155. He argues that a 26 U.S.C. § 481 adjustment was improper because the IRS failed to describe § 481 as a basis for tax due in its notice of deficiency as required by 26 U.S.C. § 7522. We have jurisdiction pursuant to 26 U.S.C. § 7482 and AFFIRM.

## I

Emert is the sole shareholder and president of Addison Engineering, Inc. ("AEI"), an S corporation that had used the cash method of accounting since its inception in 1983. After conducting an audit of both AEI and Emert, the IRS issued a notice of deficiency to Emert pursuant to 26 U.S.C. § 6522, notifying him of, inter alia, a $233,413 deficiency for the 1992 tax year. In the notice, the IRS informed Emert that it had adjusted his gross income to reflect a required change in AEI's accounting from the cash basis to the accrual method.

Emert filed a petition with the United States Tax Court for a redetermination of the deficiency, alleging, in part, that the Commissioner erred in changing AEI's method of accounting from cash to accrual. The tax court disagreed, determining after trial that AEI was required to use the accrual method of accounting. *Addison Distribution, Inc. v. Comm'r*, 76 T.C.M. (CCH) 251 (1998).

Both parties subsequently prepared a computation pursuant to Tax Court Rule 155.[1] The IRS's computation proposed an adjustment pursuant to 26 U.S.C. § 481(a)[2] for AEI's 1992 taxable year. Emert objected, arguing that a § 481 adjustment was improper because § 481 was a new issue, inappropriate for consideration in a Rule 155 computation.

The tax court found that the deficiency notice had raised the possibility of a § 481 adjustment by addressing the issue of change in accounting method. *Emert v. Comm'r*, 77 T.C.M. (CCH) 2060 (1999). The court concluded that the § 481 adjustment was not a new issue and was proper for Rule 155 consideration.[3] *Id.* Emert timely appealed to this Court.

## II

We review the tax court's conclusions of law de novo and its findings of fact for clear error. *Kelley v. Comm'r*, 45 F.3d 348, 350 (9th Cir.1995). The tax court's reading of a notice of deficiency is a finding of fact that we can reverse only if

1. Rule 155 provides, in relevant part:
 (a) Agreed Computations. Where the Court has filed or stated its opinion determining the issues in a case, it may withhold entry of its decision for the purpose of permitting the parties to submit computations pursuant to the Court's determination of the issues, showing the correct amount of the deficiency, liability, or overpayment to be entered as the decision. . . .
 (b) Procedure in Absence of Agreement. If, however, the parties are not in agreement as to the amount of the deficiency, liability, or overpayment to be entered as the decision in accordance with the findings and conclusions of the Court, then either of them may file with the Court a computation of the deficiency, liability, or overpayment believed by such party to be in accordance with the Court's findings and conclusions.

2. Section 481(a) provides:
 (a) General rule.—In computing the taxpayer's taxable income for any taxable year

(referred to in this section as the "year of the change")—
(1) if such computation is under a method of accounting different from the method under which the taxpayer's taxable income for the preceding taxable year was computed, then
(2) there shall be taken into account those adjustments which are determined to be necessary solely by reason of the change in order to prevent amounts from being duplicated or omitted, except there shall not be taken into account any adjustment in respect of any taxable year to which this section does not apply unless the adjustment is attributable to a change in the method of accounting initiated by the taxpayer.

3. The parties eventually stipulated to the proper computation, without prejudice as to the right of appeal.

clearly erroneous. *Abatti v. Comm'r*, 644 F.2d 1385, 1389 (9th Cir.1981).

Emert argues that a § 481 adjustment was improper because the IRS failed to include such an adjustment in its notice of deficiency. Specifically, he contends that because the deficiency notice[4] did not raise the issue of a § 481 adjustment, such an adjustment is a new matter that cannot properly be raised at the Rule 155 stage.

 After trial, when calculating the amount of deficiency for Rule 155 purposes, the tax court may not consider new evidence or issues. *See* T.C.R. 155(c) ("[N]o argument will be heard upon or consideration given to the issues or matters disposed of by the Court's findings and conclusions or to any new issues."); *see also Erhard v. Comm'r*, 46 F.3d 1470, 1480 (9th Cir.1995) ("A computation under Rule 155 must be made solely from the evidence in the record and the opinion of the tax court; it cannot be used to reopen the evidence or raise a new issue."). No new issue exists if the evidence necessary to resolve a dispute between parties regarding such computations is already in the record or within the scope of the evidence presented in support of issues already pleaded. *See Paccar, Inc. v. Comm'r*, 849 F.2d 393, 399–400 & n. 7 (9th Cir.1988).

 The tax court correctly determined that a § 481 adjustment was not a new issue because the deficiency notice, in identifying the required change in accounting method, in turn "triggered" § 481: "Where the statutory notice and pleadings are sufficient to raise the issue of change in accounting method, the application of section 481 is patent. Here, the statutory notice raised the issue of change in accounting method; therefore, section 481

was triggered." *Emert*, 77 T.C.M. (CCH) 2060, 1999 WL 323806, at *4–6 (T.C. May 24, 1999) (citations omitted). The IRS adequately described the basis for tax due in its deficiency notice by notifying Emert of the required change in accounting method, which in turn raised the possibility-or necessity-of a § 481 computational adjustment. *See* 26 U.S.C. § 481(a)(2) ("[T]here *shall* be taken into account those adjustments which are determined to be necessary solely by reason of the change in order to prevent amounts from being duplicated or omitted . . . .") (emphasis added). As a necessary adjustment to compensate for duplications or omissions, the § 481 adjustment was appropriately considered at the Rule 155 stage and was not a new matter for either § 7522 or Rule 155 purposes, as the possibility of such an adjustment was evident upon notification that a change in accounting method was required.

The judgment of the tax court is AFFIRMED.

---

4. 26 U.S.C. § 7522 requires that a deficiency notice "describe the basis for, and identify the amounts (if any) of, the tax due, interest, additional amounts, additions to the tax, and assessable penalties." *Id.* § 7522(a).