Howard M. MORGAN; Glenice S. Morgan, Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 00–71435.

Tax Ct. No. 17424–99.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2001.

Decided Dec. 19, 2001.

Before BROWNING, REINHARDT, and TALLMAN, Circuit Judges.

MEMORANDUM *

Howard and Glenice Morgan ("the Morgans") appeal the United States Tax Court's ("Tax Court") dismissal of their petition for redetermination of tax liability, contending that their notices of deficiency did not conform to the statutory requirements of Internal Revenue Code §§ 6212(a) & 6213(a), and that equitable principles warranted statutory tolling of the 90–day time period for filing the petition in the Tax Court. After finding that the notices of deficiency were valid, the Tax Court concluded that it lacked jurisdiction to consider the petition because it

was filed more than 90 days after the mailing of the notices.

We review Tax Court conclusions of law de novo, see Schachter v. Comm'r, 255 F.3d 1031, 1033 (9th Cir.), cert. denied, —— U.S. ——, 122 S.Ct. 65, 151 L.Ed.2d 32 (2001), and the Tax Court's factual findings for clear error, see Emert v. Comm'r, 249 F.3d 1130 (9th Cir.2001). We have jurisdiction under 26 U.S.C. § 7482, and we affirm.

The Tax Court's jurisdiction depends upon the Internal Revenue Service issuing a proper notice of deficiency and the taxpayer filing a valid petition for redetermination. See 26 U.S.C. §§ 6212–6213 (2001); Scar v. Comm'r, 814 F.2d 1363, 1366 (9th Cir.1987). After conducting a hearing regarding the propriety of the notice in this case, the Tax Court held that it lacked jurisdiction to consider the petition because the Morgans failed to file the petition within the applicable 90–day period. In so holding, the court rejected the Morgans' argument that the deficiency notices were invalid, finding "as a fact that the notices of deficiency mailed to petitioners' last known address contain[ed] all statutorily required information." It also rejected the Morgans' assertion that in order to comply with § 6212(a) the information contained in Notice 1214 must be in the text of the deficiency notice. In light of the record, we hold that the Tax Court's findings were not clearly erroneous.

The Morgans also contend that the Tax Court should have equitably tolled the 90–day time period. Their argument is based upon the fact that they had timely filed their *pro se* "complaint," albeit in the wrong federal court, and that the stipulated order purported to dismiss the petition without prejudice to their right to re-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9TH CIR. R. 36–3.

file in the Tax Court even though the 90–day period had already run.

Unfortunately for the Morgans, the 90–day period prescribed in § 6213(a) is an absolute jurisdictional requirement. The Tax Court has no authority to equitably toll the time limitation. *See Comm'r v. McCoy,* 484 U.S. 3, 7, 108 S.Ct. 217, 98 L.Ed.2d 2 (1987) (holding that the Tax Court is "a court of limited jurisdiction and lacks general equitable powers") (per curiam); *Healy v. Comm'r,* 351 F.2d 602 (9th Cir.1965) (holding in the context of a late filing that "no matter how allegedly inequitable the situation" the Tax Court does not have the authority to excuse a taxpayer from jurisdiction requirements in the statute).[1]

Because the district court was not asked to transfer this case under 28 U.S.C. § 1631, we do not reach the question whether it could have invoked that provision to transfer the case to the Tax Court or whether the Tax Court may properly receive a § 1631 transfer.[2]

AFFIRMED.

---

1. The Morgans are not left without a remedy, however. They may still challenge the tax assessment by paying the deficiency, filing a claim for a refund, and then bringing an action in the federal district court or Federal Court of Claims.

2. Nevertheless, we note that the applicability of the federal transfer statute in this context is questionable, at best, as the Tax Court does not appear to be a court to which a transfer may be made or received. *See* 28 U.S.C. §§ 1631 and 601.