**John D. HINTERLEITNER; Kim M. Hinterleitner, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 04–73683.

United States Court of Appeals, Ninth Circuit.

Submitted May 4, 2006.*

Decided May 17, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John Harrison Wegge, Esq., Pasadena, CA, for Petitioners–Appellants.

Robert R. Di Trolio, Donald L. Korb, Acting Chief Counsel Internal Revenue Service, Gary R. Allen, Esq., Jonathan S. Cohen, Esq., Deborah K. Snyder, U.S. Department of Justice Tax Division, Washington, DC, for Respondent–Appellee.

Before: LAY,\*\* KLEINFELD, and SILVERMAN, Circuit Judges.

### MEMORANDUM \*\*\*

John and Kim Hinterleitner appeal the tax court's decision under Tax Court Rule 155 assessing the amount of interest to be abated. We have jurisdiction under 26 U.S.C. § 7482 and affirm.

A tax court's computation under Rule 155 is reviewed for an abuse of discretion. *Erhard v. Comm'r,* 46 F.3d 1470, 1479 (9th Cir.1995). The tax court's conclusions of law are reviewed de novo and its findings of fact for clear error. *Emert v. Comm'r,* 249 F.3d 1130, 1131 (9th Cir.2001).

Rule 155 provides a mechanism for the court to withhold entry of its decision for the purpose of permitting the parties to submit mathematical computations that are consistent with the court's opinion in order to determine the amount of deficiency, liability, or overpayment. *See* Tax Ct. R. 155(a), (b). Rule 155 proceedings are limited to consideration of the correct computation of the deficiency, liability, or overpayment resulting from the findings and conclusions made by the tax court. Tax Ct. R. 155(c).

The Hinterleitners argue that the tax court failed to adequately explain the reasoning behind its Rule 155 computation of the interest due for the 1995, 1996, and 1997 taxable years. Rule 155 proceedings, however, are limited to "purely mathematically generated computational items." *Chimblo v. Comm'r,* 177 F.3d 119, 127 (2d Cir.1999) (quotations omitted). This is not a process that requires explanation of the methodology used to reach an approximated and subjective determination. *Cf. Estate of Trompeter v. Comm'r,* 279 F.3d 767, 770–71 (9th Cir.2002).

The tax court's order was supported by the computer program calculations submitted by the parties.[1] Further explanation

---

\*\* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Our task of deciding whether the tax court abused its discretion in ordering interest in the amounts it did would have been aided considerably if the court had briefly explained how and why it arrived at its figures. Instead, the tax court merely said that it gave *"due consideration"* to the computations filed

of the court's mathematical determination is not required.

**AFFIRMED.**

by the parties and then decreed its numbers without further ado.

Having waded through the parties' submissions, we are satisfied that the tax court's figures were supported by the record. Although the amount ordered by the court for 1997 does not directly correspond with the government's proffered calculations, the discrepancy is in the taxpayer's favor.

We appreciate the volume of work faced by the tax court and do not suggest that a lengthy exegesis is required. But our function of providing meaningful review of the exercise of discretion is assisted immeasurably when reasons are given—in even just a few words—for the discretionary decision under review.