RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 08a0248p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

WILLIAM MOBLEY, et al.,

          *Petitioners-Appellants,*

    *v.*

COMMISSIONER OF INTERNAL REVENUE,

          *Respondent-Appellee.*

No. 07-2019

>

On Appeal from the United States Tax Court.
No. 07-3736.

Argued: June 13, 2008

Decided and Filed: July 8, 2008

Before: KEITH and SUTTON, Circuit Judges; ACKERMAN, District Judge.[*]

---

## COUNSEL

**ARGUED:** Jeffrey A. Darling, DARLING & REYNOLDS, PSC, Lexington, Kentucky, for Appellants. Teresa T. Milton, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Jeffrey A. Darling, DARLING & REYNOLDS, PSC, Lexington, Kentucky, for Appellants. Teresa T. Milton, Steven W. Parks, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

---

## OPINION

---

SUTTON, Circuit Judge. After the United States Tax Court concluded that it lacked jurisdiction over William and Carol Mobley's petition, it declined to transfer the case to a federal district court under 28 U.S.C. § 1631. Because the Mobleys do not challenge the Tax Court's jurisdictional ruling and because the Tax Court correctly concluded that it lacked authority to transfer the case under § 1631, we affirm.

I.

The IRS audited William and Carol Mobley's 2000 tax return and eventually increased the Mobleys' tax liability by $32,554. The Mobleys consented to the increased assessment and collection, then filed an amended tax return for 2000, claiming a refund of $27,715. The IRS

---

[*] The Honorable Harold A. Ackerman, Senior United States District Judge for the District of New Jersey, sitting by designation.

audited that return as well and disallowed the claim because the Mobleys failed to respond to requests for evidence supporting their claim.

The Mobleys filed a petition with the United States Tax Court, seeking a redetermination of their income tax for 2000 and asking that the audit be reopened so that they could produce the necessary supporting evidence. "As a result of multiple changes of residence," the Mobleys claimed that they "never received actual notice of an audit" and thus "never had an opportunity to produce [evidence] supporting" their claims. JA 2. The Tax Court dismissed the petition, concluding that it lacked jurisdiction because "no notice of deficiency had been issued to petitioners for their taxable year 2000." JA 26. The Tax Court also rejected the Mobleys' request to "transfer this case to the United States District Court for the Eastern District of Kentucky pursuant to 28 U.S.C. sec. 1631," reasoning that § 1631 "by its terms applies only to a 'court' as defined in 28 U.S.C. sec. 610" and that the "Tax Court is not included among the courts listed in 28 U.S.C. sec. 610." JA 26 n.1.

II.

At stake is whether the Tax Court has authority to transfer a case over which it lacks jurisdiction to a federal district court that otherwise would have jurisdiction over the dispute. The interplay between two provisions in Title 28—§ 1631 and § 610—initially frames the question.

Section 1631 says:

> Whenever a civil action is *filed in a court as defined in section 610 of this title* or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

(emphasis added). Section 610 in turn defines whether the Tax Court is a relevant court. It says:

> As used in this chapter the word "courts" includes the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade.

What emerges from these two provisions is the following rule: Whenever a civil action is filed in a court, as defined in § 610, and that court decides that it lacks jurisdiction over the dispute, it may transfer the action, if it is in the interest of justice, to any other such court in which the action originally could have been brought. No one disputes that the Mobleys established at least three of the requirements for a transfer: The Tax Court lacked jurisdiction over the dispute; a transfer would serve the interest of justice; and the court to which the Mobleys want the case transferred is a court as defined in § 610—namely, a "district court[] of the United States." The question is whether they satisfied the fourth element: Is the Tax Court, where the claimants initially filed the action, a "court" as defined in § 610?

The terms of § 610 at first glance plausibly point in opposite directions. Pointing in one direction, § 610 does not specifically mention the Tax Court, which suggests that it is not a court as defined in that section. Pointing in the other direction, § 610 talks about what courts are "include[d]" in that definition, which suggests the list is nonexhaustive and could well include a "court" like the Tax Court.

Associational clues at first glance also do not seem to answer the question either. While the list of courts mentioned in § 610 suggests several potential paths to an answer, each turns out to be a false peak. One might think, for example, that all of the "include[d]" courts listed in § 610 are Article III courts, which would exclude the Tax Court—an Article I court, *see* 26 U.S.C. § 7441. But that is not the case. The list also mentions an Article I court (the Court of Federal Claims, *see* 28 U.S.C. § 171(a)) and three Article IV courts (the district courts of the Canal Zone, of Guam and of the Virgin Islands, *see Nguyen v. United States*, 539 U.S. 69, 72 (2003); *United States v. Gov't of the V.I.*, 363 F.3d 276, 284 n.3 (3d Cir. 2004)). Nor can "courts" be limited to courts established under Title 28, which would also exclude the Tax Court. Section 610's list also includes courts established under Title 48. *See, e.g.*, 48 U.S.C. § 1424 (establishing the District Court of Guam); *id.* § 1611 (establishing the District Court of the Virgin Islands); *see also* 28 U.S.C. § 451 (defining "district court of the United States" for purposes of Title 28 to "mean the courts constituted by chapter 5 of *this title*") (emphasis added).

But a second reading of § 610 offers an additional clue, one that suggests the Tax Court is not a court as defined in § 610. In defining "courts," § 610 does so just for purposes of Chapter 41 of Title 28. *See* 28 U.S.C. § 610 ("*As used in this chapter* the word 'courts' includes . . . .") (emphasis added). That is significant because the identified chapter—Chapter 41 of Title 28—concerns only the Administrative Office of the United States Courts. *See id.* §§ 601–613. Among other things, those provisions authorize the Chief Justice of the United States to appoint (and, if necessary, remove) the Director of the Administrative Office. *See id.* § 601. They then set forth the various duties of the Director, which include the duties to "[s]upervise all administrative matters relating to the offices of clerks and other clerical and administrative personnel of the *courts*," to prepare and transmit various "statistical data and reports" regarding the "business of the *courts*" and to submit (to the Office of Management and Budget) "annual estimates of the expenditures and appropriations necessary for the maintenance and operation of the *courts*." *Id.* §§ 604–605 (emphases added). If a court comes within § 610's reach, it necessarily comes within the reach of the Administrative Office and is subject to oversight by the Director and ultimately by the Chief Justice. Yet no one contends that Congress intended the Administrative Office to oversee, or that the Administrative Office actually oversees, the operations of the Tax Court. In telling contrast, the Administrative Office does oversee the other courts mentioned in § 610. *See, e.g.*, Judicial Business of the United States Courts, 2007 Annual Report of the Director of the Administrative Office of the United States Courts, *available at* http://www.uscourts.gov/judbususc/judbus.html (last visited June 30, 2008).

The history of § 610 reinforces this interpretation. In 1948, Congress rejected a bill that unquestionably would have placed the Tax Court within § 610 and thus within the Administrative Office's scope of authority. When Congress reorganized Title 28 that year, the House version of "the bill included provisions covering the Tax Court of the United States. [The House] proposed to transfer that court from the Internal Revenue Code, title 26, United States Code, to the Judicial Code [Title 28]." S. Rep. No. 80-1559, at 2 (1948). The "proposed transfer," however, "proved controversial with respect to the court and as to those who are entitled to practice before it." *Id.* Making "every effort . . . to avoid controversial matters in this revision," the Senate Judiciary Committee "recommend[ed] that all Tax Court provisions be omitted from this bill." *Id.* One recommended omission appeared in § 610, which, under the House's version of the bill, would have listed the Tax Court in that section. *See* H.R. Rep. No. 80-308, at A77 (1947) (stating that the "[w]ords 'the Tax Court' were added" to § 610 "because of the incorporation in this title of provisions relating to such court"). The Senate's version of § 610—and the enacted version, *see* Pub. L. No. 80-773, 62 Stat. 915 (1948)—deleted the reference to the Tax Court, *see* S. Rep. No. 80-1559, at 4 ("strik[ing] out 'the Customs Court, the Tax Court, and all other courts of the United States established by Act of Congress[]' and insert[ing] 'and the Customs Court[]'" and explaining that "[t]his amendment is necessary in order to eliminate from the bill all provisions relating to the Tax Court").

When Congress, in other words, decided to leave the Tax Court in Title 26 (as an independent agency) rather than moving it to Title 28 (as part of the Judiciary), it deleted—and apparently intentionally omitted—the Tax Court from the courts listed in § 610. All of this history suggests that, whatever the ultimate reach of § 610, it does not include the Tax Court.

At the same time that Congress enacted § 610, moreover, it also enacted 28 U.S.C. § 963, which says: "As used in [Chapter 57, 'General Provisions Applicable to Court Officers and Employees,'] . . . the words 'court' and 'courts' include the Supreme Court of the United States *and* the courts *enumerated* in section 610 of this title." (emphases added). The history of that provision likewise suggests that it was intended "to embrace the Supreme Court and all courts under the supervision of the Administrative Office of the United States Courts. See section 610 of this title . . . ." H.R. Rep. No. 80-308, at A103. It equates "courts *enumerated* in section 610 of [Title 28]," 28 U.S.C. § 963 (emphasis added), with "courts under the supervision of the Administrative Office of the United States Courts," H.R. Rep. No. 80-308, at A103, and recognizes that the Administrative Office's authority does not reach the Supreme Court of the United States, *see* http://www.uscourts.gov/contact.html (last visited June 30, 2008) (noting that the Administrative Office is not "the support agency" for "the Supreme Court of the United States"), which fittingly is not a court listed in § 610. While we need not say for all time that only those courts enumerated in § 610 are "courts" under that section—a position supported by the fact that Congress has added to, and subtracted from, the list over time, *see Skillo v. United States*, 68 Fed. Cl. 734, 747 (2005)—this history undoubtedly undermines any suggestion that Congress understood § 610 to encompass the Tax Court.

When Congress "enacted legislation in 1969 with the express purpose of making the Tax Court an Article I court rather than an executive agency," *Freytag v. Comm'r*, 501 U.S. 868, 887 (1991) (internal quotation marks omitted), the history of that enactment also made clear that the "amendments do not place the Tax Court under the supervision of the Judicial Conference or the Director of the Administrative Office of the Article III courts or give them any power or control over the Tax Court," S. Rep. No. 91-552, at 304 n.3 (1969), *reprinted in* 1969 U.S.C.C.A.N. 2027, 2343 n.81. All of this may explain why the Director of the Administrative Office in practice does not (so far as we can tell) oversee the Tax Court. *See, e.g.*, Judicial Business of the United States Courts, 2007 Annual Report of the Director of the Administrative Office of the United States Courts, *available at* http://www.uscourts.gov/judbususc/judbus.html (last visited June 30, 2008) (discussing the courts listed in § 610 but making no reference to the Tax Court); *see also* 5 C.F.R. § 870.101 (stating that the "Administrative Office of the United States Courts is the employing office for judges of," among other courts, the courts listed in § 610 (except the District Court of the Canal Zone, which no longer exists) and that the "United States Tax Court is the employing office for judges of the United States Tax Court").

To our knowledge (and counsel's knowledge), every other court to address the issue has agreed that the Tax Court is not a "court as defined in section 610." 28 U.S.C. § 1631; *see Schetzer v. Comm'r*, 14 F. App'x 738, 738 (8th Cir. July 24, 2001) (per curiam) ("[A]s used in § 1631, [the] term 'courts' applies only to courts of appeal[s], district courts, and certain other courts; it does not apply to tax courts."); *Skillo*, 68 Fed. Cl. at 747 ("[T]he court finds that it is without authority under the federal transfer statute, 28 U.S.C. § 1631, to transfer plaintiffs' claims to the United States Tax Court because it is not specifically enumerated as a 'court' under 28 U.S.C. § 610."); *Waterhouse v. United States*, No. Civ. S-07-619, 2007 WL 2418620, at *4 (E.D. Cal. Aug. 24, 2007) (same); *see also Morgan v. Comm'r*, 23 F. App'x 813, 815 & n.2 (9th Cir. Dec. 19, 2001) (per curiam) (declining to answer the question definitively but noting that "the applicability of the federal transfer statute [§ 1631] in this context is questionable, at best, as the Tax Court does not appear to be a court to which a transfer may be made or received").

The conclusions of courts addressing similar issues also support, or are at least not inconsistent with, this interpretation. *See Oja v. Dep't of Army*, 405 F.3d 1349, 1355 n.2 (Fed. Cir. 2005) (holding that the EEOC could not transfer a case under § 1631 because "[t]he EEOC, though perhaps quasi-judicial in nature, is not among those listed in section 610"); *Mills v. Maine*, 118 F.3d 37, 51 (1st Cir. 1997) (holding that a transfer to a *state* court was not permitted under § 1631 because § 610 "includes only other federal courts"); *Moravian Sch. Advisory Bd. v. Rawlins*, 70 F.3d 270, 274 (3d Cir. 1995) (same); *Shendock v. Dir., Office of Workers' Comp. Programs*, 893 F.2d 1458, 1467–68 (3d Cir. 1990) (holding that § 1631 "does not authorize transfer of a petition mistakenly filed in an administrative tribunal [*i.e.*, a Benefits Review Board] to the appropriate court of appeals"); *see also Jackson v. United States*, 80 Fed. Cl. 560, 566 (2008) ("[W]hile the Court of Appeals for Veterans Claims is an Article I court rather than an administrative agency, it is not a 'court' within the meaning of 28 U.S.C. § 1631.") (citation omitted).

That leaves one final point for consideration. The legislative history of § 1631, we recognize, says that the statute "is broadly drafted to permit transfer between *any* two federal courts," S. Rep. No. 97-275, at 11 (1981), *reprinted in* 1982 U.S.C.C.A.N. 11, 21 (emphasis added), and one could perhaps argue in a general sense that the Tax Court is a federal court. But that is not what it has to mean, and at all events this isolated statement cannot alter the statute's unambiguous reference only to "a court as defined in section 610 of this title." 28 U.S.C. § 1631.

III.

For these reasons, we affirm.