T.C. Memo. 2006-45

UNITED STATES TAX COURT

ROBERT B. KEENAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12396-04.                Filed March 16, 2006.

Robert B. Keenan, pro se.

Linette B. Angelastro, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, Judge:  Respondent determined a deficiency in
petitioner's Federal income tax of $17,165 for the 2000 taxable
year.  Further, respondent determined that petitioner is liable
for additions to tax of $3,862, $2,661, and $923 under sections
6651(a)(1) and (2) and 6654, respectively, also relating to

2000.[1]  After concessions,[2] the issues for decision are:  (1)
Whether respondent must prepare a substitute for return compliant
with section 6020(b) as a prerequisite to issuing a notice of
deficiency; (2) whether petitioner received Social Security
payments of $14,538; (3) whether petitioner is entitled to
certain deductions; and (4) whether petitioner is liable for
additions to tax under sections 6651(a)(1) and 6654(a).

### FINDINGS OF FACT

At the time the petition was filed, petitioner resided in
Camarillo, California.  Petitioner is a retired airline pilot.

During 2000, petitioner received pension distributions of
$66,189 from the Northern Trust Co., Social Security payments of
at least $13,876, and interest income of $184 from Camarillo
Community Bank.

Petitioner did not file a Federal income tax return for
2000, nor did he make estimated tax payments during the year.
Respondent reconstructed petitioner's income for 2000 using

---

[1]  All section references are to the Internal Revenue Code
as amended, and all Rule references are to the Tax Court Rules of
Practice and Procedure.  Amounts are rounded to the nearest
dollar.

[2]  Respondent concedes that:  (1) Petitioner did not receive
interest income of $2,013 from the State Controller's Office of
the State of California; and (2) petitioner is not liable for an
addition to tax under sec. 6651(a)(2).  In his posttrial brief,
respondent also concedes that only $17.80 of $89 in royalties
petitioner received as executor of his father's estate is taxable
to petitioner.  Petitioner does not contest this amount.

third-party payor statements.  The third-party payor statements reflect the pension distributions and interest income outlined above.  However, the statement from the Social Security Administration indicates that petitioner received $14,538 instead of $13,876.  On November 3, 2003, respondent prepared a substitute for return for petitioner.

Respondent sent petitioner a notice of deficiency on April 19, 2004.  As reflected in the notice, respondent determined that petitioner received total income of $80,832 during 2000.[3] Allowing petitioner a personal exemption of $2,800 and a standard deduction of $5,500, respondent determined that petitioner had taxable income of $72,532 and an outstanding Federal income tax liability of $17,165.  Further, respondent determined that petitioner was liable for additions to tax of $3,862, $2,661, and $923 under sections 6651(a)(1) and (2) and 6654, respectively. Because respondent conceded that petitioner is not liable for the section 6651(a)(2) addition to tax, respondent increased the section 6651(a)(1) addition to tax to $4,291.

In response to the notice of deficiency, petitioner filed a petition with this Court on July 15, 2004.

---

[3]  This figure does not take into account respondent's concessions  See supra note 2.

OPINION

A.   The Substitute for Return and the Notice of Deficiency

Petitioner contends that this Court lacks jurisdiction because the notice of deficiency is invalid.  It appears the foundation of petitioner's argument is that respondent's substitute for return does not meet requirements of section 6020(b),[4] and therefore, the notice of deficiency cannot be based on that return.

We do not need to consider whether the substitute for return meets the requirements of section 6020(b).  The preparation of a return on a taxpayer's behalf is not a prerequisite to the Commissioner's determining and issuing a notice of deficiency. Roat v. Commissioner, 847 F.2d 1379, 1381-1382 (9th Cir. 1988); Hartman v. Commissioner, 65 T.C. 542, 545-547 (1975); Stewart v. Commissioner, T.C. Memo. 2005-212; Robinson v. Commissioner, T.C. Memo. 2002-316, affd. 73 Fed. Appx. 624 (4th Cir. 2003); Burnett v. Commissioner, T.C. Memo. 2002-181, affd. 67 Fed. Appx. 248 (5th Cir. 2003).  Therefore, we find that petitioner's argument is without merit.

---

[4]   Sec. 6020(b)(1) provides that "If any person fails to make any return required by an internal revenue law or regulation made thereunder at the time prescribed therefor * * * the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise."

B.  Social Security Payments

Respondent determined that petitioner received Social Security payments totaling $14,538 in 2000.  Petitioner contends that he received only $13,876.  Petitioner bears the burden of proving that respondent's determination is incorrect.  See Rule 142(a).

Respondent's determination was based on a third-party payor statement from the Social Security Administration indicating that petitioner received payments totaling $14,538 in 2000.  Petitioner testified that his Social Security benefits increased after the first quarter of 2000.  He claims that the $14,538 was arrived at by multiplying the increased monthly benefit by 12, which did not take into account the lower monthly benefit received in the first 3 months of the year.  Petitioner did not provide any bank statements, Social Security statements, or other documentation to support his argument.  Accordingly, we find that petitioner has not met his burden of proving respondent's determination is incorrect.  We hold that petitioner received Social Security payments totaling $14,538 in 2000.

C.  Certain Deductions Claimed by Petitioner

Next, we must consider whether petitioner is entitled to certain deductions.  Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving he is entitled to the deductions.  INDOPCO, Inc. v. Commissioner, 503

U.S. 79, 84 (1992); Deputy v. Du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); see also Rule 142(a). The taxpayer has the burden of substantiating any deduction. Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); see also Rule 142(a).

At trial, petitioner introduced into evidence a one-page handwritten "Check Record for Y2K", listing a series of purported deductions for charitable contributions, health care costs, State and local taxes, and bad debts. At trial, petitioner went through the list, briefly explaining each item. However, petitioner did not present underlying checks, bank statements, receipts, statements from third parties, or other documentation to support the alleged expenses.

Petitioner has failed to substantiate any of his purported deductible expenses. Therefore, we find that petitioner has not met his burden of proving that he is entitled to deductions for the claimed expenses. However, petitioner argues that under Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), the Court should approximate his allowable deductions.

Under the Cohan rule, if a claimed expense is deductible, but the taxpayer is unable to fully substantiate the amount, the Court is permitted to make an approximation of an allowable amount. Id. at 543-544. However, the taxpayer must provide at

least some reasonable evidence from which to estimate a deductible amount. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Other than the handwritten check log and petitioner's unsupported testimony, there is nothing in the record to show that the alleged expenses were actually incurred. The record is insufficient to provide the Court with a reasonable evidentiary basis for estimating the deductible amount. Therefore, we find that we may not use the Cohan rule to estimate petitioner's allowable expenses. We hold that petitioner is not entitled to any deductions beyond the personal exemption and the standard deduction already allowed by respondent. As a result, except to the extent conceded, respondent's determination that petitioner has a Federal income tax deficiency of $17,165 in 2000 is sustained.

D.    Additions to Tax Under Sections 6651(a)(1) and 6654(a)

Finally, we must determine whether petitioner is liable for additions to tax under sections 6651(a)(1) and 6654(a). Respondent bears the burden of production with respect to petitioner's liability for the additions to tax. Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). To meet his burden of production, respondent must come forward with sufficient evidence indicating that it is appropriate to impose the additions to tax. Higbee v. Commissioner, supra at 446-447.

Once respondent meets his burden of production, petitioner must come forward with evidence sufficient to persuade the Court that respondent's determination is incorrect. Id.

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless petitioner can establish that his failure is due to reasonable cause and not due to willful neglect. The parties stipulated and petitioner testified that he did not file a Federal income tax return for 2000. We find that respondent has met his burden of production.

To show reasonable cause, petitioner must demonstrate that he "exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time". Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Petitioner argues that he had reasonable cause for failing to file because: (1) The income tax system is "voluntary"; and (2) the self-incrimination provision of the Fifth Amendment protects him from being required to file a tax return.

Arguments relating to the "voluntary" nature of the income tax system have been repeatedly rejected as frivolous or without merit. See, e.g., Takaba v. Commissioner, 119 T.C. 285, 295-296 (2002); Rinn v. Commissioner, T.C. Memo. 2004-246; Hodge v. Commissioner, T.C. Memo. 1998-242; Hicks v. Commissioner, T.C. Memo. 1992-80. Furthermore, petitioner was previously informed

by this Court that he is required to file Federal income tax returns and was found liable for additions to tax under section 6651(a)(1) for failure to file.  See Keenan v. Commissioner, T.C. Memo. 1998-388 ("Petitioner was required to file Federal income tax returns * * * He failed to do so and offered no satisfactory explanation.").  Therefore, we find  petitioner's argument that the income tax system is "voluntary" cannot serve as a reasonable basis for his failure to file.

Petitioner's belief that the Fifth Amendment's self-incrimination provision protected him from filing a tax return is not a reasonable basis for failure to file under section 6651(a). See Woods v. Commissioner, 91 T.C. 88, 91-92 (1988); Thompson v. Commissioner, 78 T.C. 558, 563 (1982).  Petitioner testified that he is not currently under criminal investigation.  Nevertheless, petitioner believes the Fifth Amendment protects him because there is always the potential that he may be subject to a criminal investigation at a later date.  We find that petitioner's belief cannot serve as a reasonable basis for failure to file.  We hold that petitioner is liable for the addition to tax under section 6651(a)(1).

Section 6654(a) imposes an addition to tax on an underpayment of estimated tax unless one of the statutory exceptions applies.  Respondent's Certificate of Official Record indicates that petitioner did not make estimated tax payments in

- 10 -

2000.  We find that respondent has met his burden of production.

Section 6654(e) provides exceptions whereby no addition to tax will be imposed under section 6654(a).  Petitioner did not argue and we do not find that any of the exceptions applies.  Therefore, we hold that petitioner is liable for the addition to tax under section 6654(a).

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court the taxpayer's position is frivolous or groundless.  Sec. 6673(a)(1)(B).  Respondent has not asked the Court to impose a penalty under section 6673(a) against petitioner.  The Court, however, may sua sponte impose a penalty.  Pierson v. Commissioner, 115 T.C. 576, 580 (2000); Jensen v. Commissioner, T.C. Memo. 2004-120; Frey v. Commissioner, T.C. Memo. 2004-87.

Petitioner has previously been a litigant in this Court.  See Keenan v. Commissioner, supra.  While his previous case dealt predominantly with issues different from those in the present case, petitioner similarly failed to file tax returns for 1988 and 1990 through 1994.  Id.  Petitioner was not warned in the previous opinion or during the course of the current litigation that a penalty might be imposed under section 6673(a).  For this reason only, we decline to impose a penalty under section 6673(a).  However, we strongly admonish petitioner that if he

persists in failing to file his tax returns and in pursuing tax protester arguments, e.g., that the notice of deficiency is invalid or that he need not file a return because of the Fifth Amendment or the "voluntary" nature of the income tax system, we may not be so favorably inclined in the future.

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered under Rule 155.