T.C. Memo. 2006-260

UNITED STATES TAX COURT

ROBERT B. KEENAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20073-05L.                    Filed December 6, 2006.

Robert B. Keenan, pro se.

<u>Linette B. Angelastro</u>, for respondent.

MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  This matter is before the Court on
respondent's motion for summary judgment, filed pursuant to Rule
121,[1] and to impose a penalty under section 6673.

---

[1] Unless otherwise indicated, all Rule references are to the
Tax Court Rules of Practice and Procedure, and all section
references are to the Internal Revenue Code in effect for the
(continued...)

## Background

This is an appeal from respondent's determination upholding the proposed use of a levy to collect petitioner's unpaid Federal income tax liability for years 1988 and 1990 through 1994. Petitioner resided in Camarillo, California, when the petition in this case was filed.

Petitioner failed to file Federal income tax returns for 1988 and 1990 through 1994.[2] Respondent sent statutory notices of deficiency to petitioner for those years, and petitioner petitioned this Court with respect to respondent's determinations. On March 7, 2003, the Court entered decisions that upheld deficiencies and imposed additions to tax under sections 6651(a)(1) and 6654.[3] After the entry of the decisions respondent assessed the income tax deficiencies and additions to tax determined by the Court and interest as required by law and sent petitioner notice and demand for payment. On August 9, 2004, respondent sent petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing, in accordance with sections 6330 and 6331, informing petitioner of respondent's intent to

---

[1](...continued)
years in issue.

[2] It appears petitioner did not file a Federal income tax return for 1989, but that year is not before us.

[3] We found petitioner liable for income tax deficiencies of $351,228 and additions to tax under secs. 6651(a) and 6654 of $78,674.50 and $18,652.17, respectively.

levy to collect the unpaid tax liabilities and of petitioner's right to request a hearing with respondent's Appeals Office. On September 7, 2004, petitioner submitted a Form 12153, Request for a Collection Due Process Hearing.

Petitioner's hearing request was initially assigned to Settlement Officer Adlai Climan (Mr. Climan). On April 22, 2005, Mr. Climan drafted an Appeals Case Memorandum that verified that respondent's assessments were timely and that petitioner had received notice and demand for payment for each year in accordance with section 6303.[4] On May 4, 2005, Mr. Climan mailed to petitioner a letter scheduling a face-to-face conference for May 18, 2005, at the Los Angeles, California, Appeals Office. Petitioner requested that the conference be held in Thousand Oaks, California, because it was closer to his place of residence. Mr. Climan initially rejected petitioner's request because Mr. Climan's office was located in Los Angeles, and no settlement officers worked at the Thousand Oaks office. After receiving another request from petitioner to move the meeting to Thousand Oaks, however, petitioner's case was reassigned to

---

[4] Sec. 6303 requires that the Secretary, within 60 days of making an assessment of tax pursuant to sec. 6203, give notice to the person liable for the unpaid tax, stating the amount due and demanding payment.

Settlement Officer Timothy J. Sample (Mr. Sample), who was able to conduct the hearing at petitioner's desired location.[5]

On June 16, 2005, Mr. Sample sent a letter to petitioner confirming a face-to-face hearing for June 27, 2005.  On June 27, 2005, Mr. Sample telephoned petitioner and postponed the conference because he needed to issue to petitioner a contact letter setting forth the issues to be discussed at the conference and requesting the financial information necessary to conduct the hearing.  Mr. Sample informed petitioner that petitioner would be denied a face-to-face hearing if petitioner did not raise any substantive issues in response to these requests.  On June 27, 2005, Mr. Sample sent a letter to petitioner scheduling a telephone conference for July 13, 2005.

On July 8, 2005, Mr. Sample received a letter from petitioner in which no substantive issues were raised and no financial information was provided.  On July 13, 2005, Mr. Sample attempted to contact petitioner to conduct the scheduled telephone conference, but petitioner did not participate.  On July 14, 2005, Mr. Sample sent petitioner a letter scheduling a telephone conference for July 25, 2005.

On July 15, 2005, Mr. Sample received from petitioner a package of documents consisting of frivolous arguments and a

---

[5] Mr. Sample works in the Glendale, Cal., office, but he occasionally works in the Thousand Oaks office and was willing to meet with petitioner at the Thousand Oaks office.

booklet entitled "Investigating the Federal Income Tax" but no financial information. On July 22, 2005, Mr. Sample received a letter from petitioner claiming that he did not participate in the July 13, 2005, telephone conference because he did not receive the June 27, 2005, letter. In a second letter to Mr. Sample, petitioner stated that he wished to discuss collection alternatives at a face-to-face hearing.

Because petitioner stated that he wanted to discuss collection alternatives, Mr. Sample elected to grant petitioner a face-to-face hearing. Before the hearing, Mr. Sample again informed petitioner that he was required to submit income tax returns and financial statements in order to discuss collection alternatives. On August 22, 2005, Mr. Sample received a letter from petitioner containing constitutional arguments but no financial information.

On September 9, 2005, petitioner's section 6330 hearing took place. Petitioner failed to provide any tax returns or financial information, thus preventing the discussion of possible collection alternatives. When petitioner insisted on discussing frivolous arguments concerning his underlying tax liability, Mr. Sample adjourned the meeting.

On October 4, 2005, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, which sustained the proposed levy action. In the

notice of determination, respondent concluded that petitioner's arguments challenging the validity of the assessments were invalid, that no proposal for payment of the liabilities had been made, and that all of the requirements imposed by section 6330 for a valid levy had been satisfied. Respondent also found the proposed levy action to be no more intrusive than necessary after balancing the Government's need to collect the tax with petitioner's legitimate concerns.

On October 27, 2005, petitioner filed a timely petition contesting respondent's determination. In his petition, petitioner asserted that respondent failed to comply with the notice requirements of sections 6303, 6330, and 6331, that respondent erred by changing hearing officers, and that respondent violated petitioner's right to procedural due process because petitioner was not granted a complete hearing to make an administrative record of all of his issues.

On September 25, 2006, respondent filed a motion for summary judgment and to impose a penalty under section 6673. On October 18, 2006, petitioner filed an objection to respondent's summary judgment motion.

## Discussion

### I. Summary Judgment

Summary judgment is a procedure designed to expedite litigation and avoid unnecessary, time-consuming, and expensive

trials.  <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681
(1988).  Summary judgment may be granted with respect to all or
any part of the legal issues presented "if the pleadings, answers
to interrogatories, depositions, admissions, and any other
acceptable materials, together with the affidavits, if any, show
that there is no genuine issue as to any material fact and that a
decision may be rendered as a matter of law."  Rule 121(a) and
(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992),
affd. 17 F.3d 965 (7th Cir. 1994); <u>Zaentz v. Commissioner</u>, 90
T.C. 753, 754 (1988).  The moving party bears the burden of
establishing that there is no genuine issue of material fact, and
factual inferences will be drawn in a manner most favorable to
the party opposing summary judgment.  <u>Dahlstrom v. Commissioner</u>,
85 T.C. 812, 821 (1985); <u>Jacklin v. Commissioner</u>, 79 T.C. 340,
344 (1982).  The nonmoving party, however, cannot rest upon the
allegations or denials in his pleadings, but must "set forth
specific facts showing that there is a genuine issue for trial."
Rule 121(d); <u>Dahlstrom v. Commissioner</u>, <u>supra</u> at 820-821.

II.  <u>Section 6330</u>

Section 6330(a) provides that no levy may be made on any
property or right to property of any person unless the Secretary
has notified such person in writing of the right to a hearing
before the levy is made.  If the person makes a request for a
hearing, a hearing shall be held before an impartial officer or

employee of the Internal Revenue Service Office of Appeals. Sec. 6330(b)(1), (3). At the hearing, a taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives. Sec. 6330(c)(2)(A). Taxpayers, however, are expected to provide all relevant information requested by Appeals, including financial statements, for its consideration of the facts and issues involved in the hearing. Sec. 301.6330-1(e)(1), Proced. & Admin. Regs. Taxpayers are precluded from contesting the existence or amount of the underlying tax liability unless the taxpayer failed to receive a notice of deficiency for the tax in question or did not otherwise have an earlier opportunity to dispute the tax liability. Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following a hearing, the Appeals Office must make a determination whether the proposed levy action may proceed. In so doing, the Appeals Office is required to take into consideration: (1) The verification presented by the Secretary that the requirements of applicable law and administrative procedures have been met, (2) the relevant issues raised by the taxpayer, and (3) whether the proposed levy action appropriately balances the need for efficient collection of taxes with a taxpayer's concerns regarding the intrusiveness of the proposed

levy action. Sec. 6330(c)(3). A hearing officer may rely on a computer transcript or Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, to verify that a valid assessment was made and that a notice and demand for payment was sent to the taxpayer in accordance with section 6303. Nestor v. Commissioner, 118 T.C. 162, 166 (2002); Schaper v. Commissioner, T.C. Memo. 2002-203; Schroeder v. Commissioner, T.C. Memo. 2002-190. Absent a showing of irregularity, a transcript that shows such information is sufficient to establish that the procedural requirements of section 6330 have been met. Nestor v. Commissioner, supra at 166-167.

Section 6330(d)(1) grants the Court jurisdiction to review the determination made by the Appeals officer at the hearing. Where the underlying tax liability is not in dispute, the Court will review the determination of the Appeals Office for abuse of discretion. Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Sego v. Commissioner, supra at 610; Goza v. Commissioner, 114 T.C. 176, 182 (2000).

In this case, the undisputed facts set forth in respondent's motion, declarations in support of the motion, and attached exhibits establish that respondent has satisfied the requirements of section 6330. Mr. Climan took into consideration all of the factors required by section 6330(c)(3) and rejected petitioner's arguments as either frivolous or irrelevant.

Petitioner argues that respondent failed to comply with the notice requirements of sections 6303, 6330, and 6331. Mr. Climan, however, verified that the proper assessments were made and the requisite notices had been sent to petitioner in accordance with section 6303.[6] Moreover, the record clearly establishes that respondent provided petitioner with notice of his intent to levy and of petitioner's right to a hearing as required by sections 6331 and 6330, respectively.

Petitioner also asserts that respondent erred by changing settlement officers. We find this argument completely without merit, as the reassignment of petitioner's case to Mr. Sample was done to accommodate petitioner's own request to conduct the hearing at the Appeals Office located in Thousand Oaks. Petitioner failed to allege facts or demonstrate a connection as to how this reassignment impacts the validity of his section 6330 proceeding.

Finally, petitioner claims that respondent violated petitioner's right to procedural due process by refusing to allow him to make an administrative record of all of his issues. Petitioner argues that Mr. Sample's decision to adjourn the Appeals hearing deprived him of a full and complete hearing. A

---

[6] Mr. Climan confirmed that the Internal Revenue Service (IRS) issued notice and demand to petitioner for the years at issue by examining transcripts of account using the IRS's integrated data retrieval system.

taxpayer may raise, and the hearing officer must consider, relevant issues raised by the taxpayer in a section 6330 hearing. See sec. 6330(c)(2). However, it is well established that the Commissioner and the courts need not consider or refute frivolous arguments with copious citation and extended discussion. Williams v. Commissioner, 114 T.C. 136, 138-139 (2000) (citing Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984)). Mr. Climan provided petitioner a meaningful opportunity to present relevant, nonfrivolous arguments why the levy should not be allowed to proceed, but petitioner repeatedly refused to provide any such arguments or information necessary to support them. Mr. Sample made several requests for information regarding petitioner's financial condition both before and during the hearing, but petitioner failed to provide any such information. Accordingly, we find that Mr. Sample did not abuse his discretion in terminating petitioner's section 6330 hearing. There is a limit to the tax system's tolerance for unproductive and frivolous exchanges regarding a taxpayer's obligations to file returns and pay tax. Kolker v. Commissioner, T.C. Memo. 2004-288.

On this record, we conclude that there is no genuine issue of material fact requiring a trial in this case, and we hold that respondent is entitled to the entry of a decision sustaining the proposed levy as a matter of law.

III.  Section 6673 Penalty

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty, not to exceed $25,000, if it appears that the taxpayer has instituted or maintained a proceeding primarily for delay or that the taxpayer's position is frivolous or groundless.  Section 6673(a)(1) applies to proceedings under section 6330.  Pierson v. Commissioner, 115 T.C. 576, 581 (2000).  In proceedings under section 6330, we have imposed the penalty on taxpayers who have raised frivolous and groundless arguments with respect to the legality of the Federal tax laws.  See, e.g., Roberts v. Commissioner, 118 T.C. 365, 372-373 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); Eiselstein v. Commissioner, T.C. Memo. 2003-22; Yacksyzn v. Commissioner, T.C. Memo. 2002-99.

In this case, the record clearly establishes that the only arguments made by petitioner during the administrative processing of this case were frivolous and/or groundless.  Petitioner's conduct as summarized in this opinion demonstrates that the section 6330 proceeding was instituted primarily for delay and as a means to challenge the legitimacy of the Federal income tax system.  His conduct merits a substantial penalty.

In setting the amount of the penalty, we consider petitioner's conduct in this case, his extended history of noncompliance with Federal tax law, his history of pursuing

frivolous and groundless litigation in this Court, and the warnings he has received in previous administrative and judicial proceedings regarding the consequences of pursuing frivolous and groundless arguments.  Petitioner repeatedly has failed to file Federal income tax returns.  He participated in administrative proceedings before the Internal Revenue Service and filed several cases in this Court in which he challenged the legitimacy of the tax system and repeatedly questioned his obligation to file tax returns.  See Keenan v. Commissioner, T.C. Memo. 2006-45; Keenan v. Commissioner, T.C. Memo. 1998-388.  During the previous administrative and judicial proceedings and the section 6330 hearing in this case, petitioner was warned of the consequences that may attach to his conduct challenging the tax system.  See, e.g., Keenan v. Commissioner, T.C. Memo. 2006-45.  Despite the warnings, petitioner has continued to challenge the validity of the tax system and of the assessments at issue in this case.  Consequently, we shall require petitioner to pay to the United States a penalty under section 6673(a)(1) of $15,000.

Other arguments raised by petitioner have been considered and are rejected as meritless.

To reflect the foregoing,

An appropriate order and decision will be entered.