T.C. Summary Opinion 2007-39

UNITED STATES TAX COURT

JEAN ERICK FORTIUS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23746-05S.              Filed March 12, 2007.

Jean Erick Fortius, pro se.

<u>Laura A. Price</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect at the time the petition was filed.  The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $9,303 deficiency in petitioner's 2002 Federal income tax and a $1,982 addition to tax under section 6651(a)(1). The issues for decision are: (1) Whether petitioner qualifies as a head of household; (2) whether petitioner is entitled to an earned income credit; (3) whether petitioner can deduct $28,600 for business-related expenses; and (4) whether petitioner is liable for an addition to tax under section 6651(a)(1) for failure to file a timely tax return.[1]

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Orlando, Florida.

Petitioner lived in Massachusetts in 2002 with his wife and son. Petitioner worked as a taxi cab driver that year and leased a cab from a company in Boston. Petitioner was responsible for purchasing gasoline for the cab.

Petitioner and his wife did not file a joint 2002 Federal income tax return. Petitioner instead filed as a "head of household" and claimed an earned income credit with respect to his son. Petitioner reported the income and expenses related to the taxi cab on Schedule C, Profit or Loss From Business.

_____

[1] Adjustments not addressed in this opinion are computational.

Petitioner claimed a total of $28,600 of expenses on Schedule C. Petitioner filed his 2002 return on April 15, 2004.

Respondent issued petitioner a notice of deficiency in September 2005 denying the claimed credit and deductions. Respondent also changed petitioner's filing status to married filing separately and determined a late-filing addition to tax. Petitioner filed a timely petition with the Court.

## Discussion

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor established his compliance with the requirements of section 7491(a)(2)(A) and (B) to substantiate items, maintain records, and cooperate fully with respondent's reasonable requests. Petitioner therefore bears the burden of proof.

## 1. Head of Household

Section 1(b) imposes a special income tax rate on a taxpayer filing as head of household. An individual shall be considered a head of household if, inter alia, he is not married at the close of the taxable year. Sec. 2(b)(1). Because petitioner was

married at the close of 2002, he is not considered a head of household. Respondent's determination on this issue is sustained.

## 2. Earned Income Credit

An eligible individual may be allowed a credit which is calculated as a percentage of the individual's earned income. Sec. 32(a)(1). In the case of an individual who is married, the earned income credit is allowed only if a joint return is filed for the taxable year under section 6013. Sec. 32(d). As mentioned above, petitioner did not file a joint return for 2002.

Section 6013(b)(1) provides generally that where a taxpayer has filed a separate return for a taxable year and the time prescribed for filing has expired, the taxpayer nevertheless may make a joint return with his spouse. Petitioner and his wife have not attempted to file a joint return, however, and the election under section 6013(b)(1) cannot be made after either spouse timely petitions the Court in response to a notice of deficiency for the year in issue. Sec. 6013(b)(2)(B); Millsap v. Commissioner, 91 T.C. 926, 929 (1988). Respondent's determination on this issue is sustained.

## 3. Schedule C Deductions

A taxpayer who is carrying on a trade or business generally may deduct ordinary and necessary expenses paid or incurred in connection with the operation of the business. Sec. 162(a); FMR

Corp. & Subs. v. Commissioner, 110 T.C. 402, 414 (1998).

Deductions are a matter of legislative grace, and the taxpayer

bears the burden of proving that he is entitled to any deduction

claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292

U.S. 435, 440 (1934). The taxpayer is required to maintain

records that are sufficient to enable the Commissioner to

determine his correct tax liability. See sec. 6001; sec.

1.6001-1(a), Income Tax Regs.

At trial, petitioner asserted that he incurred the following

expenses in connection with driving a taxi cab: (1) $28,100 for

leasing the cab; (2) $2,500 for gasoline; and (3) $1,100 for

cleaning and washing the cab.[2] Petitioner credibly testified

that he leased a cab for an average of 4 or 5 days a week at a

cost of $70 to $80 a day. Petitioner also testified that he paid

for gasoline for each day he drove. Petitioner used cash to pay

the lease and to purchase gasoline.

Respondent disallowed the claimed expenses because of

petitioner's failure to maintain records in accordance with

---

[2] As mentioned above, petitioner claimed $28,600 of expenses
on Schedule C. This amount represents $28,100 of leasing expense
and $500 of bad debt expense. A notation on Schedule C suggests
that petitioner may have intended to claim the $500 as car and
truck expense. In any event, petitioner offered no testimony
with respect to the claimed deduction for $500, and we therefore
consider that petitioner has conceded this amount of the
adjustment. See Nicklaus v. Commissioner, 117 T.C. 117, 120 n.4
(2001). Petitioner did not claim any amount for gasoline or
cleaning and washing expenses on Schedule C.

section 6001.  Respondent acknowledges, however, that petitioner drove a taxi cab during the year in issue and incurred some amount of expenses.

Where a taxpayer establishes that he incurred a business expense but cannot prove the amount of the expense, the Court may approximate the amount allowable, bearing heavily against the taxpayer whose inexactitude is of his own making.  Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930); King v. Commissioner, T.C. Memo. 2006-112.  To apply the Cohan rule, the Court must have a reasonable basis for estimating the amount of the expense.  Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985); Keenan v. Commissioner, T.C. Memo. 2006-45.[3]

Based on petitioner's credible testimony and respondent's acknowledgment that petitioner incurred expenses, we conclude it is appropriate to apply the Cohan rule.  We conclude that in 2002 petitioner leased a cab 4 days a week for 50 weeks at a cost of $70 a day, for a total of $14,000.  We also conclude that petitioner spent $2,500 on gasoline for the year, representing an

---

[3] The rule announced in Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), does not apply to expenses relating to listed property, which generally includes any passenger automobile. Secs. 274(d)(4), 280F(d)(4)(A)(i); Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); Seidel v. Commissioner, T.C. Memo. 2005-67.  However, the term "passenger automobile" does not include any vehicle used by the taxpayer directly in the trade or business of transporting persons for compensation or hire.  Sec. 280F(d)(5)(B)(ii); sec. 1.280F-6(c)(3)(ii), Income Tax Regs.  The cab that petitioner leased therefore is not listed property.

average of $12.50 a day.  Petitioner offered no testimony or other evidence with respect to cleaning and washing expenses. Petitioner therefore is not entitled to a deduction for this item.  See Vanicek v. Commissioner, supra.  Respondent's determination on this issue is modified to the extent that petitioner is entitled to a deduction of $16,500.

4.  Addition to Tax Under Section 6651(a)(1)

If a tax return is not timely filed, an addition to tax will be assessed "unless it is shown that such failure is due to reasonable cause and not due to willful neglect".  Sec. 6651(a)(1).  The Commissioner has the burden of production with respect to the liability of any individual for an addition to tax under section 6651(a)(1).  Sec. 7491(c).  The burden of showing reasonable cause under section 6651(a) remains on the taxpayer. Higbee v. Commissioner, 116 T.C. 438, 446-448 (2001).

The parties stipulated that petitioner filed his 2002 tax return on April 15, 2004.  Respondent therefore has met his burden of production.  At trial, petitioner offered no testimony with respect to this issue.  Accordingly, respondent's determination is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

under Rule 155.