**Robert B. KEENAN, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 06–73970.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.[*]

Filed May 25, 2007.

Robert B. Keenan, Camarillo, CA, pro se.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert R. Di Trolio, Clerk, U.S. Tax Court, Donald L. Korb, Acting Chief Counsel, Internal Revenue Service, Marion E.M. Erickson, Esq., Eileen J. O'Connor, Esq., U.S. Department of Justice, Tax Division, Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Robert B. Keenan appeals pro se from the tax court's decision in favor of the Commissioner of Internal Revenue ("Commissioner") in his action contesting the notice of deficiency for tax year 2000. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review the tax court's conclusions of law de novo and its findings of fact for clear error. *Emert v. Commissioner*, 249 F.3d 1130, 1131 (9th Cir.2001). We review the tax court's decision entering a deficiency computation under Tax Court Rule 155 for abuse of discretion. *Erhard v. Comm'r*, 46 F.3d 1470, 1479 (9th Cir. 1995). We affirm.

Contrary to Keenan's argument, the notice of deficiency was not invalid, because the Commissioner is not required to file a tax return on Keenan's behalf prior to issuing the notice. *See Roat v. Comm'r*, 847 F.2d 1379, 1381–82 (9th Cir.1988).

■ The tax court did not err by rejecting Keenan's handwritten list of claimed deductions because he did not substantiate them with any documentation. *See Geiger v. Comm'r*, 440 F.2d 688, 689 (9th Cir. 1971) (per curiam) (rejecting taxpayer's argument, based on her own testimony and absent supporting documentation, that she was entitled to deductions).

■ Because we uphold the tax court's finding that the deficiency is valid, we reject Keenan's contention that there can be no valid addition to tax under I.R.C. § 6651 because there is no valid deficiency. We also uphold the addition to tax under section 6651 because Keenan's assertions that the tax system is voluntary and that filing a tax return would violate his Fifth Amendment right against self-incrimination are frivolous. *See Wilcox v. Comm'r*, 848 F.2d 1007, 1008 (9th Cir.1988) (holding that payment of federal income tax is not voluntary); *see also McCoy v. CIR*, 696 F.2d 1234, 1236 (9th Cir.1983) ("A valid Fifth Amendment objection may be raised only to questions which present a real and appreciable danger of self-incrimination.") (internal quotations omitted).

■ The tax court did not abuse its discretion by entering a decision in accordance with the Commissioner's computation, which took into account income attributed to Keenan by third-party payor reports and income that Keenan stipulated to receiving, and Keenan did not file an alternative calculation. *See* Tax Ct. R. 155(b) (permitting the tax court to enter a decision in accordance with a submitted deficiency computation if the opposing party fails to offer an alternative computation).

Keenan's remaining contentions are unpersuasive.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.