T.C. Summary Opinion 2016-47

UNITED STATES TAX COURT

DJAMAL MAMERI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16403-15S.                    Filed August 24, 2016.

Djamal Mameri, pro se.

<u>Nicholas R. Rosado</u> and <u>Peter R. Hochman</u>, for respondent.

SUMMARY OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, subsequent section references are to the

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated January 26, 2015,[2] respondent determined a deficiency in petitioner's Federal income tax of $2,030 for tax year 2012. After concessions,[3] the sole issue for decision is whether petitioner is entitled to an education credit.

## Background

Some of the facts have been stipulated, and we incorporate the stipulation of facts by this reference. Petitioner resided in California when the petition was timely filed.

---

[1](...continued)
Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]While the parties stipulated and attached a copy of a notice of deficiency dated January 26, 2015, we note that the copy of the statutory notice attached to the petition is dated March 30, 2015. Although the two notices were sent to different addresses, no explanation has been provided by the parties as to the circumstances of the different dates on the notices. We conclude that the petition filed June 24, 2015, was timely filed in response to the notice of deficiency dated March 30, 2015.

[3]Petitioner reported $2,120 in total qualified education expenses on his 2012 return. Petitioner asserted in his petition that he paid $1,288 for his computer and about $350 for tuition.

Djamal Mameri (petitioner) worked for Guardsmark, LLC (Guardsmark), as a security guard during the year at issue. Petitioner was also an undergraduate student at Berkeley City College in 2012. During the spring 2012 semester petitioner took courses including English 5, a critical thinking composition course. The instructor required students to build an anthology of peer-reviewed sources on a research topic generated during class. The anthology project started the third week of the semester and was due at the end of the semester. Students could choose a topic, conduct extensive online research on the topic, and put together an anthology of the sources found. Work performed during class hours included discussion and critical thinking. Students conducted online research for the anthology outside of class hours. Petitioner spent six to seven hours per day when researching for the class.

The Berkeley City College library had online databases available for student use, but the library had limited hours and did not have a laptop loan program. Petitioner attended both morning and evening classes and worked at Guardsmark in the afternoon.

The spring 2012 semester started in February and ended on May 25. At the end of May 2012, petitioner visited Algeria, his homeland. This visit coincided with the end of the English 5 class and the due date for the anthology project. The

instructor gave petitioner an "in progress" status for the English class to provide him an extension of time to complete the anthology project so that he could travel to Algeria.

Petitioner purchased a computer on May 25, 2012, which he took with him to Algeria. Before he purchased the computer, petitioner sometimes used his roommate's computer or used a computer at work to complete his coursework. While in Algeria petitioner used his computer to continue working on his English 5 class project, which he completed in September 2012.

Petitioner timely filed a Form 1040A, U.S. Individual Income Tax Return, for 2012 claiming an American Opportunity Tax Credit of $2,030. In support of the claimed credit petitioner attached to his return Form 8863, Education Credits (American Opportunity and Lifetime Learning Credits).

Petitioner did not provide a receipt or other documentation to substantiate his payment of tuition. Respondent agrees that petitioner was enrolled in Berkeley City College for the spring 2012 semester. Petitioner provided a copy of a statement from an HSBC credit card account in his name listing a purchase of $1,288 on May 25, 2012, from Computers in Oakland, California. The parties agree that petitioner purchased the computer. Petitioner also provided a signed letter from his English instructor dated May 12, 2016, stating that although the

bulk of work for the English course could be performed using the Berkeley City College library's databases, the library had limited hours and no laptop loan program, so "students whose schedules didn't allow for much time on campus to use the databases during the library hours were limited to using personal computers to complete their work."

Discussion

I.     Burden of Proof

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances.  Petitioner did not allege or otherwise show that section 7491(a) applies.  See sec. 7491(a)(2)(A) and (B).  Therefore, petitioner bears the burden of proof.  See Rule 142(a).

II.    Tuition and Related Education Expenses

The Code allows for a variety of education credits, including the American Opportunity Credit, a modified version of the Hope Scholarship Credit that was in effect for tax year 2012.  See sec. 25A(i).  The American Opportunity Credit provides for a credit against tax equal to 100% of qualified tuition and related

expenses paid by a taxpayer during the taxable year up to $2,000, plus 25% of such expenses paid that exceed $2,000 but do not exceed $4,000, allowing for a maximum credit of $2,500. Sec. 25A(i)(1). Up to 40% of the credit may be refundable. Sec. 25A(i)(5). The credit is allowed for the first four years of post secondary education for qualified tuition and expenses including required course materials. Sec. 25A(i)(2) and (3). To be eligible for the credit a student must be enrolled in at least one academic period and must be taking at least one-half of a normal full-time workload for a student in that course of study. Sec. 25A(b)(2)(B), (3)(B).

Generally, "qualified tuition and related expenses means tuition and fees required for enrollment or attendance". Sec. 1.25A-2(d)(1), Income Tax Regs. A "required" fee is one that is "required to be paid to the eligible educational institution as a condition of the student's enrollment or attendance at the institution." Id. subpara. (2)(i). Amounts paid for books, supplies, and equipment are eligible only if the fees must be paid to the institution for the student's enrollment or attendance. Id. subdiv. (ii). For example, if students are required to purchase books and reading materials for a course but can purchase them from another source such as an off-campus bookstore, they are not required to be

purchased from the institution for enrollment or attendance. See id. subpara. (6), Example (2).

A taxpayer ordinarily must maintain adequate records to substantiate the amounts of his or her income and entitlement to any deductions or credits claimed. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. When a taxpayer establishes that he or she paid or incurred a deductible expense but does not establish the amount of the expense, we may estimate the amount allowable in some circumstances. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). There must be sufficient evidence in the record, however, to permit us to conclude that the taxpayer paid or incurred a deductible expense in at least the amount allowed. See Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957); Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). In estimating the amount allowable, we bear heavily upon the taxpayer who failed to maintain required records and to substantiate deductions as the Code requires. See Cohan v. Commissioner, 39 F.2d at 544; Keenan v. Commissioner, T.C. Memo. 2006-45, aff'd, 233 F. App'x 719 (9th Cir. 2007).

Petitioner asserted that he "spent about $350 on tuition" in 2012. Respondent agrees that petitioner was enrolled in the English course during spring 2012. Respondent does not dispute that petitioner carried at least one-half the

normal full-time workload for a student in his course of study at Berkeley City College.  See sec. 25(b)(2)(B), (3)(B).  Petitioner provided credible testimony and a letter from an instructor at the college satisfying the Court that he was enrolled in and paid tuition for at least one course at Berkeley City College in 2012.  We conclude petitioner expended $350 for qualified tuition in 2012.  This tuition was clearly required by the school as a condition of enrollment and thus is a qualifying expense for the education credit.  See Cohan v. Commissioner, 39 F.2d at 544; sec. 1.25A-2(d)(2)(i), Income Tax Regs.

The parties agree that petitioner paid $1,288 to purchase the computer for his English 5 class at Berkeley City College.  Since a computer is not tuition or a fee charged by an educational institution, it would have to qualify under "books, supplies, and equipment".  See sec. 1.25A-2(d)(2)(ii), Income Regs.  There is no evidence that petitioner was required to purchase the computer directly from Berkeley City College.  Instead petitioner was able to and in fact did purchase the computer from a third party.  Thus the cost of the computer is not an expense that qualifies for the education credit.  See id. subpara. (6), Example (2).

Even if petitioner's computer was required to be purchased from the institution, he would also have to show that Berkeley City College required that it be purchased as a condition of enrollment or attendance.  See id. para. (d)(2)(i).

Petitioner asserted that, because of his visit to Algeria, he needed the computer to complete the anthology assignment. Petitioner did not indicate that Berkeley City College required him to purchase the computer. Additionally, the instructor's letter states only that students at Berkeley City College had limited options to use library computers and does not indicate that the computer was required for the class or to attend the college. Thus petitioner has not shown that purchasing the computer was a condition of enrollment or attendance as required by the regulation. See id. subparas. (1) and (2).

On the basis of the record we conclude that petitioner is entitled to a credit of $350 for tuition paid in 2012. Petitioner is not entitled to a credit for the cost of his computer.

We have considered all of the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered

under Rule 155.