T.C. Summary Opinion 2021-19

UNITED STATES TAX COURT

SAM FAGENBOYM AND OKSANA FAGENBOYM, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15894-19S.                    Filed July 19, 2021.

Sam Fagenboym and Oksana Fagenboym, pro sese.

Daniel Z. Nettles, for respondent.

SUMMARY OPINION

PANUTHOS, Special Trial Judge: This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not

---

[1]Unless otherwise indicated, subsequent section references are to the
                                                                (continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a statutory notice of deficiency dated June 13, 2019, respondent determined a deficiency in petitioners' Federal income tax for taxable year 2015 (year in issue) of $21,635. The deficiency was based upon the disallowance of a portion of the nonpassive loss deduction that petitioners claimed on their 2015 Schedule E, Supplemental Income and Loss. The sole issue for decision is whether petitioners have provided sufficient substantiation regarding expenses incurred by Alcor Electric, Inc. (Alcor Electric), an S corporation, to be entitled to deduct claimed passthrough losses in excess of those already allowed for the year in issue.

## Background

Some of the facts have been stipulated, and we incorporate the stipulation of facts by this reference. Petitioners lived in California when the petition was timely filed. At all relevant times petitioners were married and resided together.

---

[1](...continued)
Internal Revenue Code (Code) in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

I.      Alcor Electric's Business Activity

During the year in issue, Mr. Fagenboym held a 50% shareholder interest in Alcor Electric, which provided electrical installation for midsize commercial industrial projects.  As of 2015 the company had been in business for several years working on projects for the State of California and other government entities.  The company generally worked on three or four projects concurrently, completing most of the work for each project during the summer months.  To complete its industrial projects, Alcor Electric hired contract electricians from various electrical agencies.[2]  The funds for each project were issued from the government entity client to a general contractor; the general contractor then distributed a portion of the total project funds to Alcor Electric.  Alcor Electric would directly pay subcontractor electrical agencies that provided the company's contract electricians as well as the companies that provided project materials.

On a 2015 Form 1120S, U.S. Income Tax Return for an S Corporation, Alcor Electric reported $6,755,527 in gross receipts and $6,379,331 in cost of goods sold, resulting in a gross profit of $376,196.  Of the amount reported as cost of goods sold, Alcor Electric reported $2,230,988 in purchases.  Alcor Electric

_____

[2]The term "electrical agencies" used by Mr. Fagenboym during his testimony was not further explained in the record.  In the context of this record, we understand the term to mean subcontractor electrical agencies.

also reported $628,496 in total deductions on line 20. Accordingly, Alcor Electric's Form 1120S reported a $252,300 ordinary business loss for the year in issue. That year, Alcor Electric issued to Mr. Fagenboym a Schedule K-1, Shareholder's Share of Income, Deductions, Credits, etc., reporting Mr. Fagenboym's share of loss as $109,774.[3]

Respondent selected Alcor Electric's 2015 Form 1120S for examination. During the examination the S corporation's representatives provided to respondent documentation substantiating certain amounts reported as purchases. At the conclusion of the examination respondent disallowed any deduction for $250,648 in claimed purchases, resulting in a corrected ordinary loss of $1,652 for Alcor Electric's 2015 tax year. As further discussed below, respondent's adjustment to Alcor Electric's 2015 Form 1120S resulted in an adjustment to petitioners' distributive share of Alcor Electric's loss as reported on their 2015 Schedule E.

II.    Tax Return

Petitioners timely requested and were granted an extension of time to file their 2015 Form 1040, U.S. Individual Income Tax Return, to October 15, 2016.

---

[3]It is unclear why Mr. Fagenboym's $109,774 distributive share of loss as shown on the 2015 Schedule K-1 was less than 50% of Alcor Electric's $252,300 reported ordinary loss for that year. Following respondent's adjustment to Alcor Electric's 2015 Form 1120S, Mr. Fagenboym's corrected $826 share of loss for the year in issue is 50% of the S corporation's $1,652 corrected ordinary loss.

Petitioners timely filed their 2015 tax return and selected a filing status of married filing jointly. The tax return was prepared by a certified public accountant and signed by petitioners on October 14, 2016.

Petitioners reported a pro rata share of Alcor Electric's passthrough losses on their tax return for the year in issue. Attached to the 2015 Form 1040 was a Schedule E that reported a $109,774 nonpassive distributive share of loss from Alcor Electric, based on the aforementioned Schedule K-1.

III.    Notice of Deficiency and Petition

Respondent selected petitioners' 2015 tax return for examination on June 8, 2018. As a result of the examination of Alcor Electric's 2015 tax return, respondent determined that the correct amount of petitioners' distributive share of Schedule E loss should be $826 for the year in issue. On June 13, 2019, respondent issued to petitioners a notice of deficiency disallowing $108,948 of petitioners' reported passthrough loss and resulting in an increase in tax of $21,635.

On August 29, 2019, petitioners timely petitioned this Court for redetermination of their income tax deficiency for the year in issue, asserting that the "IRS erred in disallowing purchases on 2015 Alcor Electric, Inc S-Corporation return and as result adjusting taxpayers' share of the S-Corporation losses."

## Discussion

I.    Burden of Proof

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The taxpayer likewise bears the burden of proving his or her entitlement to deductions and of substantiating the amounts of items underlying claimed deductions. See sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. At a minimum petitioners must produce business records or other evidence substantiating the amounts and the purpose of the deductions that they assert respondent improperly disallowed. See Higbee v. Commissioner, 116 T.C. 438, 440 (2001). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioners did not allege or otherwise show that section 7491(a) applies as to any relevant factual issue. See sec. 7491(a)(2)(A) and (B). Therefore, petitioners bear the burden of proof. See Rule 142(a).

II.    Disallowance of the Schedule E Deduction

Generally, an S corporation is not subject to Federal income tax at the entity level.  Sec. 1363(a); see also Taproot Admin. Servs., Inc. v. Commissioner, 133 T.C. 202, 204 (2009), aff'd, 679 F.3d 1109 (9th Cir. 2012).  S corporation items of income, gain, loss, deduction, and credit flow through to the S corporation shareholders, who report their pro rata shares of such items on their respective returns.  See sec. 1366(a).

An S corporation's taxable income is generally computed in the same manner as an individual's.  Sec. 1363(b).  Deductions are a matter of legislative grace, and the taxpayer must prove his or her entitlement to deductions.  INDOPCO, Inc. v. Commissioner, 503 U.S. at 84; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  The taxpayer has the burden of substantiating any deduction.  Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); see also Rule 142(a).

Section 162(a) allows deductions for all ordinary and necessary business expenses paid or incurred during the taxable year in carrying on a trade or business.  Boyd v. Commissioner, 122 T.C. 305, 313 (2004).  In the notice of deficiency respondent disallowed $108,948 of the Schedule E loss deduction attributable to Mr. Fagenboym's interest in Alcor Electric during the year in issue.

The disallowance was a result of the disallowance of deductions related to $250,648 in business purchases reported on Alcor Electric's 2015 Form 1120S. The Code and the regulations thereunder required petitioners and Alcor Electric to maintain records sufficient to establish the amount of any claimed deduction.  See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Petitioners acknowledge that they have failed to substantiate certain of Alcor Electric's business expenses.  They argue, however, that under Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), the Court should estimate Alcor Electric's deductible expenses.  Under the Cohan rule, when a taxpayer establishes that he or she has incurred a deductible expense, but is unable to substantiate the exact amount, the Court is permitted to estimate the deductible amount.  Id. at 543-544.  But we can do so only to estimate the amount of the deductible expense when the taxpayer provides evidence sufficient to establish a rational basis upon which the estimate can be made.  See Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).  In estimating the amount allowable the Court bears heavily upon the taxpayer who failed to maintain required records and to substantiate expenses as the Code requires.  See Cohan v. Commissioner, 39 F.2d at 544; Keenan v. Commissioner, T.C. Memo. 2006-45, aff'd, 233 F. App'x 719 (9th Cir. 2007). Respondent asserts that the Cohan rule is not applicable in this case because

petitioners have neither provided sufficient credible evidence to establish a satisfactory basis for estimating Alcor Electric's expenses nor shown that any expenses were sustained in excess of the amounts already allowed.

We begin by summarizing our evaluation of the evidence proffered at the trial. Mr. Fagenboym submitted four pages of handwritten calculations that attempt to reconstruct Alcor Electric's purchases and other expenses related to four alleged business contracts. Mr. Fagenboym testified that he created the handwritten document because he was unable to produce original records of the amounts paid to one of Alcor Electric's electrical suppliers, Alameda Electrical Distributors (AED), on the four business contracts. In support of his calculations Mr. Fagenboym testified that he was able to estimate the amount paid to AED by Alcor Electric during the year in issue by taking the total amount paid to the S corporation on each of the four contracts and subtracting a 12% profit margin to produce an estimated total for the hard costs of each project. Mr. Fagenboym then subtracted all known labor and materials costs from the resulting total hard costs to produce the estimated total paid to AED on each contract. During the trial Mr. Fagenboym did not produce contemporaneous records or any other business records pertaining to Alcor Electric's operations. He testified that he had

previously provided substantiating documents to respondent for all hard costs on the four contracts except for the amounts paid to AED.

Although Mr. Fagenboym's testimony about industry operations was generally reliable, the amounts included in the handwritten calculations proffered are not backed by any underlying bank statements, receipts, or other documentation. Mr. Fagenboym testified that the 12% profit margin on which his calculations hinge was a rough estimate based on similar contracts in the industry. He stated that the 12% figure was "potential profit" but noted that Alcor Electric's actual profit was "much less than that".

Although we have no doubt that Mr. Fagenboym produced his calculations in good faith, the reconstruction of expenses on the basis of an individual's estimate of industry standard profit margins does not take the place of substantiation or provide a rational basis upon which an estimate can be made under the Cohan rule. The record includes no reliable evidence establishing error in respondent's determinations in the notice disallowing petitioners' claimed loss deductions related to certain expenses reported by Alcor Electric during the year in issue. On the record before us, we conclude that petitioners have failed to carry their burden of establishing that Alcor Electric paid or incurred the expenses underlying the deductions that respondent disallowed for its 2015 tax year. We

therefore sustain respondent's determination in the notice of deficiency disallowing a portion of petitioners' claimed Schedule E loss deductions for the year in issue.

We have considered all of the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for respondent.